[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 113)
This action arises out of a contract dispute between the plaintiff, City of Bridgeport, and the defendant, Renaissance Center Development Associates, Inc. The plaintiff alleges that on March 15, 1988, the parties entered into an agreement whereby the plaintiff agreed to sell certain parcels of land to the defendant, and the defendant agreed to construct mixed-use buildings upon those parcels. The plaintiff alleges that as part of the agreement, the defendant was required to demonstrate its ability to obtain proper zoning permits and approvals, as well as financing for the construction projects.
In the first count of the complaint, the plaintiff asserts a breach of contract claim against the defendant. In the second count, the plaintiff seeks a declaratory judgment as to whether the agreement was terminated by the defendant's conduct.
On November 18, 1994, the defendant filed a motion for summary judgment (#113) along with a memorandum of law, a copy of the contract at issue, and the affidavit of the defendant's president. The defendant moves for summary judgment on the ground CT Page 1656-H that the plaintiff failed to properly notify the defendant of its alleged breach, as required by the terms of the contract. The plaintiff filed a memorandum in opposition, dated February 10, 1995, along with the affidavit of the Director of the Office of Planning and Economic Development for the City of Bridgeport, and other related documents.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. A material fact is one that will make a difference in the outcome of a case. Yanow v.Teal Industries, Inc., 178 Conn. 262, 268-69 (1979). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217 (1994). In ruling on a motion for summary judgment, the CT Page 1656-I court must view the facts presented in the light most favorable to the non-moving party. Suarez v. Dickmont Plastics Corp., supra,229 Conn. 105.
In moving for summary judgment, the defendant argues that pursuant to the terms of the agreement, notice of an alleged breach by the defendant must be in writing, and must be delivered to the defendant by either overnight mail, registered mail, or certified mail. Thus, the defendant contends that because it did not receive any notice from the plaintiff, the plaintiff should not be allowed to maintain the present action.
"Normally, a determination of what the parties intended by contractual commitments is `a question of fact . . .'; but `[w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law.'" (Citations omitted.) Rosick v. EquipmentMaintenance Service, Inc., 33 Conn. App. 25, 38 (1993). "Where the question whether proper notice was given depends upon the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law, CT Page 1656-J but where the conclusion involves the effect of various circumstances capable of diverse interpretation, it is necessarily one of fact for the trier." Truslow Fulle, Inc. v. DiamondBottling Corp., 112 Conn. 181, 188 (1930).
Paragraph 32(b) of the parties' contract provides that "[a]ll notices . . . shall be in writing by overnight messenger service or mailed first class United States mail . . . or by delivering same to the address listed below . . . or at such other place as any party hereto may by notice in writing designate as a place for service of notice hereunder." The contract does not provide for the specific language that must appear in the written notice.
In the defendant's affidavit in support of its motion, the defendant's president attests that "at no time between March 15, 1989 and March 24, 1994 did I ever receive written notification from the City that [the defendant] had failed to perform its obligations under the [contract] or that there were defaults in performance which were to be cured." In its opposing affidavit, the plaintiff's official attests that various written notices were sent to the defendant to notify the defendant of its defaults. CT Page 1656-K The plaintiff has attached copies of these notices to its affidavit.
The plaintiff's affidavit and exhibits are sufficient to raise genuine issues of material fact with respect to what the parties intended "notice" of breach or default to encompass, and whether the letters sent by the plaintiff to the defendant constitute adequate or sufficient notice of breach or default. Therefore, the court denies the defendant's motion for summary judgment with respect to the plaintiff's breach of contract claim.
The defendant argues that the plaintiff also seeks to terminate the parties' agreement based on allegations that the defendant failed to perform in accord with the terms of the agreement. The defendant argues that the plaintiff cannot terminate the agreement because it failed to give the defendant proper notice of both its alleged breach and its alleged failure to cure the breach within the time period provided in the agreement.
There are genuine issues of material fact with respect to the CT Page 1656-L sufficiency and adequacy of the plaintiff's various letters of notice to the defendant. Therefore, the defendant's motion for summary judgment is denied with respect to the plaintiff's declaratory judgment claim as alleged in the second count.
FREEDMAN, J.